I call the second case on our list this morning, U.S. v. Murray, Ms. Brunson. Good morning, Your Honors. May it please the Court, my name is Kimberly Brunson, and I represent the appellant Charles Murray in these consolidated cases before this Court. With the Court's permission, I would like to reserve three minutes for rebuttal. Fine. Thank you. Your Honors, we ask this Court to use these consolidated cases to affirmatively hold that a district court may modify, reduce, or enlarge conditions of supervised release when there exists a new or unforeseen circumstance. Before we get to that substantive question, I'm confused procedurally about what happened here and how it happened. Okay, Your Honor. My understanding from looking at the orders a while back is that there was preliminary approval by the district judge of conditions that had been proposed by the probation office, that he approved the probation office's exclusion of conditions 1 through 4, but then he reinstated them in a subsequent order, and then he denied your office's motion for consideration. Well, it's very confusing, Your Honor. I mean, there were three petitions that were filed by the probation officer, and the sequence was the first petition on supervised release asked to include nine conditions of supervised release that were not currently part of his supervised release term. The second one simply wanted to add the probation officer in what was termed a supplemental petition on supervised release, wanted to include language which was inadvertently excluded from one of those conditions. So still, all nine conditions were before the court. The probation officer then filed a second supplemental petition seeking to withdraw, essentially, the first four conditions and only proceed with five. And Judge Lancaster approved that, didn't he? Didn't Judge Lancaster give his approval to that? I don't know that there was a docket entry approving it. There was a hearing held afterward in which all parties... There's an order, isn't there? There's an order in which he grants the petition's second... Here, for sake of discussion, let's think of it this way. The first petition and the supplemental petition, let's just call them together, the first petition, okay? And the second one where the probation office comes in and says, forget those first four, let's call that the second, for sake of clarity in our discussion. He grants the second petition, he grants the first one, and then he grants the second one, and then he denies your motion for reconsideration, right? Right. I think what Your Honor is referring to is the 22nd of July. There's an order dated July 22nd, 2011, in which the district court granted the petitions... He granted the... He amended his order to include the second supplemental petition.  There's something else. So I'm also confused, as is Judge Smith, and I'm going to be asked... I usually am. For you, it's unusual. Here's the thing. Both sides, both you and Ms. Haywood, seem to have been proceeding on the assumption that all nine of those conditions are in play. Isn't it the fact that by granting the second petition, what was left in place was conditions five through nine, and that's it? Well, I believe that's what defense counsel in the district court was... That's the piece that they were operating under at the time of the hearing. Then, of course, as you know, the court denied our motion to reconsider, which perhaps in retrospect a better idea would have been request... Denied his mood? Denied his mood, or even we should have filed a motion for clarification. We didn't do that. I can say, although it's not in the record, that Ms. Haywood and I actually discussed this very matter this morning, and I talked to the defense counsel in the district court who told me that he is being subjected to at least polygraph testing, which is one of the first conditions. But that doesn't tell us what the court's order means. It may tell us that they're doing something they shouldn't be doing, but I don't know how to read the granting of the second amended petition without understanding that the court has agreed with the probation office that the first four should be off the table. That's true, but the order of court states it's granting the petitions on supervised release, the first petition, the two together, as well as incorporating the second. What does it mean to say I'm incorporating the second? Which withdraws. If the second says, take the first four off, doesn't it have to mean the first four are gone? I don't have an answer to that, unfortunately, Your Honors. I wish I did. I thought, I too was confused, but I thought the judge just ignored the request to take those four off and just signed. That's certainly the way it appeared to us in the district court while we were proceeding. You know, the court's order granted all nine conditions. It's explicitly referred to all of them. It seemed like the probation office didn't get the request that it had made to the court. It seemed like the probation office wanted four conditions taken off. That is correct. But the judge completely ignored that and just signed an order that included those four. That is correct. But then subsequently. Do we have a jurisdictional problem? Pardon me? Is a notice of appeal as to the granting of the first petition and as to the denial of the motion for reconsideration. But if there was outstanding a second petition yet to be ruled on and you didn't appeal that, was a ruling on the first petition and on the motion for reconsideration actually are those final orders or are we looking at something? I don't see how there's anything pending in the district court, Your Honor. I mean, the district court sequence in July of July 22nd, 2011, the district court amended his order to include the granting of the second of the supplemental petition, which I agree with you would we would assume only meant that the last five conditions were on the table. But at the same time, he denied without explanation whatsoever. Three days later, a motion to reconsider, which asked the court, which pointed out the strange sequence of events and the fact that no one was even presented evidence at the hearing with regard to the first three or four conditions, or at least there was no discussion because certainly defense counsel at that time was operating on the assumption that they weren't even being sought by the probation officer of the government. If if we were to look at the sequence of events and say by the granting of the second amended petition, the court effectively, even if not very clearly, had amended its order in a way that put only conditions five through nine in place. Is it accurate to say that the on behalf of the defendant, you are only contesting number nine? No, I mean, we're contesting, of course, the entire procedure in which Mr. Murray was brought before the court, the fact that the court did not we still believe that there should be a finding of a changed or unforeseen circumstance, which is consistent with the principles of finality. This court's prior president. Let me ask a different way. Ms. Brunson, is number nine the only one which you view as a substantive difference and therefore problematic? As far as if one and four, one through four, are off the table? No, I can't say that that's true, Your Honor, because although I think the words that were used in the district court was that they were largely duplicative, the conditions. We're talking about the use of a computer, the seizure of hardware storage. And under your analysis, I would assume that Mr. Murray had no interest in the language that was used in the conditions of his supervised release when he was first sentenced. And as we all know, words mean things. Generally speaking, I don't believe it's practical to make things clear by adding a lot of extra language. And I would also note that the district court included, added these conditions, but did not eliminate any that he had already been subjected to in the Eastern District or the District of New Jersey. Those conditions themselves incorporated what was called at the time the standard conditions within those courts. So now Mr. Murray is in a position where he has this additional language, the original language in the Eastern District, the language in the District of New Jersey, which incorporated those courts, what was called standard language. You know, at the hearing, the probation officer was present, but no one was, she was not called as a witness. Okay. I apologize for interruption, but I see your clock's running. I want to make sure that I'm able to ask this one substantive question about your position with respect to Lucier and Miller. You've read those cases that say there has to be a filing of change conditions, and I'm wondering what the language is you're relying on in those cases. Well, back up a step. Under 3583E2, would you agree that there's no language in that statute that says there has to be change conditions? I would agree there's no language in the statute. So you're leaning on what you understand to be the implications of Lucier and Miller, right? In addition to... Smith was also a case. That's correct, Your Honor. Okay. What's the... Those cases indicate that change conditions can lead to a change in the conditions of supervised release. What are you relying on? Can you point us to language where they say that there has to be? Well, Your Honor, in Smith, for instance, this court stated the offer of employment presented a new unforeseen circumstance allowing modification. But nowhere did we hold, either in the text or from some other source, the text of 3583E2, that there must be a new or unforeseen circumstance. I would agree with that, Your Honor. At best, what you can do is read Smith to say, well, we'll assume that it's a requirement without deciding. Well, there are a number of cases in which this court, as well as the Ninth Circuit and Miller, look to change circumstances. And I agree there's not a holding that says you must show a change circumstance. But if you look at the implications of contrary holding, that there is no need for any change circumstance, any unforeseen or different circumstance, first of all, the statute, which grants the authority, 3583C2, states that a district court may extend a term of supervised release or may modify, reduce, or enlarge conditions. Under that theory, a district court can't, provided that the maximum term of supervised release had not been initially imposed, a district court could extend a term of supervised release at any time without a change condition. To an extent, the change of circumstances had to be shown, let's say. There was a change of circumstances here, wasn't there? Well, the district court found that the change of circumstance was Mr. Murray moving. The transfer of jurisdiction. You're right, but our position is that there must be something more than that. There must be something that triggers the 3553A factors. Well, yeah, I mean, the reason the judge did it was because he wanted to make Mr. Murray or have his supervised release conform with all of the other people who were charged with the same offense. So his interest was in uniformity. What's wrong with that? Right. I'm out of time, if I may continue. Please go ahead. First of all, whatever any, what the district court was doing was sacrificing finality for the sake of uniformity, and that's what the probation officer was seeking as well. If that is the case, there's nothing to prevent a defendant from, first of all, the transfer was not in and of itself putting Mr. Murray in a position where only he would be a person subject to the jurisdiction of the Western District of Pennsylvania, convicted of a sex offense, who is not subject to these conditions. Any party, any sex offender who had been sentenced in the Western District prior to the Board of Judges' adoption of this model language would not be subject to the same conditions. How do we know that? Pardon me? I mean, how do we know that? How do we know? I mean, there's nothing in the record that indicates to us that this isn't something that is being consistently adhered to in the Western District of Pennsylvania, and that what's happening here is nothing more than a determination that once Mr. Murray decided, and I'm assuming he decided, I don't know why else he would be there and why it would be transferred, but once he decided, I'm going to Pittsburgh, he was going to abide by the kinds of cases. Well, Your Honor, there certainly are people who were sentenced prior, in the Western District of Pennsylvania, prior to the Board of Judges' adoption of this language, and there's no evidence that... You're asking us to assume that there's a difference. There's nothing in the record to tell us there's a difference. The only difference we know about is that the way things operate, at least now and for all we know, with amended orders in those past cases, is this is the way these sort of sex offenders are handled when they show up for supervised release, and he gets into the same category with the rest of them and he abides by it just like the rest of them. Is that not an interest that is satisfactory under the statute and is not the decision to move to the Western District where that is the regime, a change in Mr. Murray's circumstances that warrants a change? Well, Your Honor, if that's the case, then there's nothing to stop any... Well, first of all, it's the fact that they're uniform conditions, they're called standard conditions. It's a little bit of a misnomer. They're not standard. There's nothing in the statute that requires these to be standard. They are described in their conditions. They're standard for the Western District of Pennsylvania. They're standard for the Western District of Pennsylvania, but they're discretionary, and that doesn't eliminate a district court's duty. Under the statute, it's statutory duty to do an individualized 3553A inquiry, and it's evidenced, in fact, by the fact that one of these so-called standard conditions, that the defendant shall not possess sexually oriented materials, the government admits before this court should be vacated. Now, that's off the table in a sense right now because it's one of the first four. If we accept that the second amendment petition has been put in place, that is off the table. Correct, but my point is, if these are standard conditions and your goal is uniformity, you must still, the district court is still required by statute to do an individualized 3553A inquiry to determine whether these discretionary conditions, utilizing this model language or not, are appropriate in every particular case. That's right, but you did say he looked at the 3553 factors. Well, that's all he said, though. I mean, he didn't do any real analysis. Well, that's true, too. There's no inquiry. You know, certainly the condition of sexually oriented materials affects First Amendment. You're right. The statute does require an evaluation under 3553A. It absolutely does, and it may or may not be appropriate, and I would posit to this court Why did the judge say in this case? What did he say? Yes. He simply said, in his order, that he had considered, after considering the 3553A factors, they're appropriate. All right. So we don't have the benefit of judges. We don't, and we don't even have a record. The probation officer did not testify that there was any ambiguity, that there was any need, that her ability to supervise Mr. Murray was in any way compromised, was in any way that she In fact, the only, the government attempted to demonstrate at the hearing that this language is needed so that the probation officer could force Mr. Murray to bring his computer to her office or, you know, to enable her to remove the computer equipment for a forensic analysis. Did you say time for a rebuttal? Yes, I did, Your Honor. But defense counsel did point out, if I may tell you, that, in fact, she had already asked him to do that, and he did just that under the conditions which were currently in place. Okay. We'll get you back on rebuttals. Thank you, Ms. Brunson. Ms. Haywood? Could you speak to that last point about the judge's, the statutory requirement that the judge consider 3553A factors in reassessing the terms of supervisory release and that the judge did not do it in this case? Well, Your Honor, the judge stated that he did consider the 3553A factors. Did he do any more than that? No, he did not. But he did state that he considered them, and there's no reason to think he didn't take it at him, you know, to not take him at his word that he considered these factors. Haven't we said that the court has to explain and justify conditions of supervisory release? That's our Miller decision just a couple of years ago, right? I mean, to merely assert, yeah, I thought about 3553 and say nothing more than that, is that good enough? Well, the judge did say more than that. What the judge was stating in this case is that the conditions that the probation officer from the Western District was asking for, were asking for, were basically clarifications of the factors that already existed from New Jersey. But for instance, the New Jersey condition said it's a standard condition there. Our probation officers would have no real way to understand or would not be used to in dealing with those type of conditions. We can read them and see. There are differences between 1 through 9 and what he had before. Now, we can talk about, maybe we should, I'm interested in your take on what we were discussing with Ms. Brunson about, you know, are we really, is the order in place, conditions 5 through 9, or is it 1 through 9? But leaving that aside for a second and continuing with what Judge Fuentes was asking you, don't we have to get something more from the district court than the declaration, I thought about it? In Miller, that's what this court asked district courts to do, but in this court's decision in Volcker, the court noted that the conditions can be affirmed if there exists a basis in the record for them. Here, what you have with regard to Mr. Murray, I mean, clearly he was a child predator. He, you know, used the internet to meet a young boy on a chat room and molested him. And in light of the particular circumstances of that case, which are matters of record, this court could clearly understand the need for the supervision with regard to his computer. And again, it was actually due... Do we usurp the district court's role if we start doing the weighing? If we start making the analysis that the district court is supposed to make in the first instance? No, I don't think it's a usurption. It's just a recognition that this court has said in Volcker that even if there aren't specific reasons given for every special condition, but that these, the conditions, if there's, if it's apparent for the record, there are reasons for the special conditions, this court can affirm them. Given the condition of the record here, which is to say the confusion as to whether we're talking about conditions 1 through 9 or conditions 5 through 9, shouldn't we perhaps be even more careful in our 3553A review? Well, I think there are two separate questions. In terms of the confusion about the district court's July 22nd order, I do recognize that it's confusing because while the court stated that it was, while the court stated that it was granting the second supplemental, or we'll call it the second petition, the court didn't say it wasn't granting, it was changing its opinions with regard to the first. Excuse me. There's a follow-up here I would like to ask on the subject of confusion because respectfully, I'm confused by the government's position. As I read the record, it looked to me as if the government was satisfied before the district court to drop conditions 1 through 4. Were they not? That's correct, Your Honor. So why is the government here now defending them? Now... Most particularly number 3 because I think condition number 3 is spoken to with a deafening silence in your briefs. Well, Your Honor, we actually conceded that condition 3 is inappropriate in our briefs. So we conceded, you know, based on this court's precedent in Volcker and Loy, that the third condition would not be an appropriate condition. But I think... So why should 1, 2, and 4 stand, given what your position was before the district court originally? Well, a reasonable interpretation of the memorandum opinion that followed our submission to the court and followed the hearing, the district court stated it was going to include those conditions. You know, the memorandum order basically adopted 1 through 9. We're conceding number 3 is not a valid condition. Then the order that followed was confusing, and then there was a denial of the motion to reconsider. There was a granting of the second petition, and since the only thing that the second petition asked for was drop those first four, how do we read the granting of that as anything other than an effective amendment to the conditions and saying, okay, we're dropping the first four? I mean, what does it mean to say I grant that if it doesn't mean that 1 through 4 are gone? The order is confusing, and I think perhaps a remand to have the district court explain would be appropriate. And the probation officer, I do have to agree with Ms. Brunson, has been treating the conditions, eight of the conditions as being in place. So the order was confusing, and I would agree there doesn't need to be a clarification in terms of what the conditions actually are. Can you speak to the issue, the main point that Ms. Brunson is pressing on us, which is there was no basis for anything different to happen here in the absence of some change in condition. And relocating is not a change in condition. It's just I'm the same person, I was being supervised, there's no dispute that I was obeying my conditions of supervision, completely compliant. The fact that I moved a couple hundred miles to the west shouldn't suddenly land me with a whole new set of restrictions on my behavior, that that, in fact, might even amount to a constitutional deprivation and a burden on my capacity to move and interstate travel. What's your response? Well, first of all, our position is under the plain language of 3583E2, you do not need to have a change of circumstance for a modification of supervisory release conditions to occur. The only two circuits that have actually expressly addressed this question, Pegay from the Tenth Circuit and Davies from the Eighth Circuit have concluded that in light of the plain language there is no requirement of a change of circumstances. Now, obviously, a change of circumstance could be a basis for a modification, but there is simply no requirement. And Congress, in fact, if you look at E1 and E3, when you talk about revocation and termination, Congress knew how to add conditions when they wanted to. With regard to termination of supervised release early, there is a specific requirement that you have to find it's in the interest of justice. This standard of a change of circumstance is not expressed in E2, and we would find... How far could the government go with this? How restrictive could it get in the name of saying, well, we don't have to say anything's different, but now we're going to say you can only leave your house twice a week? How far can they go with it? They can't go that far, Your Honor, because if you look at 3583D, it specifically requires every special condition to be not greater than necessary to support the interest of supervised release, which are deterrence, protection of the public, as well as rehabilitation. And you also, 3553E2, which is the section at issue, provides for you have to do an analysis of 3553, and you also have to comply with the Federal Rules of Criminal Procedure 31 and have a hearing and have notice to the defendant. So the discretion is certainly cabined and bounded by the statute. You can't just have irrational conditions put forth. And then there's also the potential for appeal. So to the extent that there is an abusive discretion, a defendant has the ability to file a notice of appeal to make sure that the discretion isn't being abused. Does the government appear in these cases before the judge when these modification orders are done? Yes, Your Honor. There was an assistant U.S. attorney from our office appointed who did go to the hearing, and I don't dispute. I mean, with regard to conditions 1 through 4, you know, I have to assume that you are proceeding on the assumption that the judge was going to rule on the second petition. But when the judge issued its memorandum of opinion and order, and I also have, it's very hard for me because I have talked to the probation officer, so I have information. Some of the conditions, reading them through, seem quite onerous and a lot more onerous than those that were, that preexisted, that were present at the time he was sentenced in New Jersey and Pennsylvania. And some of them, in fact, allow for a search in a private residence, don't they? That's right, Your Honor. I mean, supposing he's working as a home care provider in somebody's private house. If there's a computer there, the probation department can go in, without a warrant, and search the computer. That's right, Your Honor. Now, 3583D was amended after Mr. Murray was convicted. There was an amendment to 3583D that specifically provides, in cases of sex offenders, which Mr. Murray would qualify for that, that it specifically said that... Yes, that you can include as a condition of supervision that a defendant require a search of... What about number 9, which was mentioned before? I have to tell my prospective employer that I'm a sex offender. That's right, Your Honor. I thought the purpose of supervised release is to transition somebody back into the community. How would you expect somebody to get a job if he has to tell the employer, by the way, I'm a convicted sex offender? Well, there are many purposes of supervised release. In addition to rehabilitation, another purpose is the protection of the public. And Mr. Murray has a job. It's a requirement, but it's a requirement in the interest of not allowing someone who has a history of abusing the internet to have potential access to a computer that could... So there are reasons why it's a legitimate requirement. The computers can be monitored away from the actual computer itself. But not a computer at the workplace, for instance. The monitoring equipment is put on Mr. Murray's equipment at his home. But if he's going to someone's house as a home health aide and would have access to a computer, the notice requirement is not an unreasonable one or not a greater deprivation of his liberty than necessary to support the conditions of supervision, the purposes of supervision. And I'd also note, with regard to the claim that he has an unlimited right to travel, 3605 provides that the Western District of Pennsylvania has a right to refuse. Implicitly, there's a right to refuse his transfer because the transfer only happens when there's consent of the jurisdiction. Now, our jurisdiction did consent, but to the extent that there's a rule that this district or any district cannot impose conditions that are commensurate with their districts, it could in fact actually have a contrary effect of impeding someone's ability to travel who's on supervision. You do agree that the District Court failed in providing the rationale for the decisions that it made? Well, I agree that he didn't expressly state them in the opinion, but I don't agree that that necessarily means he didn't consider the factors. He stated he considered them and I will take him at his word. If we accepted your suggestion, wouldn't it be in order to just say, and by the way, that stuff about explaining your 3553A rationale, we'd really like that to happen. I mean, there's nothing wrong with doing that, is there? No, Your Honor, there's not. Okay. Are there no further questions? Ms. Haywood, thank you very much. Thank you, Your Honors. I'll be very brief. One thing I want to point out is Ms. Haywood stated that after Mr. Murray was convicted, 18 U.S.C. 3583 was amended to include a condition that a person submit his person, property, house, residence, vehicles, papers, and whatnot to a search. The condition which was imposed in Mr. Murray's case goes further. It includes a condition that he permit without definition or limitation his place of employment. That is not found in the statute, and that's putting aside, of course, any ex post facto issues which might come up with afterward. In fact, now, I believe he would be subject to a term of supervised release of life, but I don't think anyone would legitimately argue that you could bring him back before the court and now impose a sentence of supervised release of life because that's more appropriate or Congress has determined that from here on out, people should get that. I have an academic point, right, because we're not dealing with that here, are we? No, we're not, not that, Your Honor, but I just wanted to show the analogy. Also, the district court did not go any further than to say that it considered the there's some discussion that there was allegedly a need to clarify, but there's absolutely no evidence, again, that there was any need for clarification or any reason to change the existing conditions. I would So, is it the defendant's position that there's nothing that the judge could say that would justify the change? No, assuming, of course, that there's no need for a new or changed circumstance or that the move was sufficient. I think with, I can't argue that if there was a legitimate, in-depth, 3553A inquiry, as well as tailoring so that any conditions do not are narrowly tailored. So, we might actually have an agreement to certain things here, which is both the government and the defense saying that it might be a good thing to send this case back, and as long as it's back, it might be a good thing to have 3553A explanation put on the record, right? That is my alternative request, Your Honor. I would still ask this Court to find that a changed circumstance is necessary, and if I could just very quickly point out that whatever decision this Court should make on that issue, should it reach it, would apply equally to both defendants and the government. As these cases show, defendants also come before a district court and ask for conditions to be modified, and if there's no need for any changed circumstance or a new circumstance, both the government and the defendant could repeatedly petition district courts to change conditions of using this procedure to get sentences reconsidered. Defendants? Yeah. I think if there's no requirement for a new or unforeseen circumstance, I'm not sure there is anything to prevent that. I mean, in fact, if uniformity is a concern, a defendant who was sentenced today to a term of supervised release, which may include what he would consider to be he or she very owner's conditions, could come back in six months and say that somebody else was sentenced to for the same crime and receive supervised release conditions which are less onerous, and therefore, for the sake of uniformity, I request that you modify mine. There's no changed circumstance requirement. Well, doesn't that kind of miss one of the points? I mean, 3553A6 factor says that one of the things that needs to be considered is the need to avoid unwarranted disparity in the treatment of similarly situated defendants. If you choose to put yourself into a district where the defendants in a certain kind of case are treated in a specific way, isn't that in fact a 3553A6 circumstance specifically called for under 3583 to be considered and therefore something that a court ought to do and quite different from a defendant saying, hey, I don't need a changed circumstance, just let me off the hook now. Well, I note that the government pointed out that the Western District of Pennsylvania could have refused to accept the transfer and I think it's very different to say we'll refuse it or to make someone's transfer contingent upon their accepting certain conditions than to accept it and then pull them before the court when there's been no allegation of any violation or no need shown specific to that defendant that there's any need for a change and saying now because we accepted jurisdiction back when you asked for it last year, you have to accept these conditions. Thank you, Ms. Brunson. Thank you, Your Honors. Thanks very much. So both of you will take the case under advisory. Go ahead.